UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYPTON LLC,

Plaintiff,

v.

Case No. 24-cv-12201
Honorable Linda V. Parker

WILLIAMS-SONOMA, INC.,

Defendant.
_______________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER DEADLINES**

This lawsuit, filed on August 21, 2024, arises from the use of Plaintiff's trademark textile products on furniture sold by Defendant. The initial scheduling conference in this matter was held on January 6, 2025, at which time a scheduling order was entered. (ECF No. 20.) By joint motion or stipulated order, however, the scheduling order deadlines have been extended numerous times as the parties attempted to mediate the dispute. (*See* ECF Nos. 22, 23, 26, 27, 32, 35, 38, 42, 44, 46.) The last extension was entered on June 11, 2026, establishing discovery and dispositive motion deadlines of September 23 and October 26, 2026, respectively. (ECF No. 47.) At the time, the Court indicated that no further extensions would be granted. (6/11/26 Text Entry.)

Plaintiff, however, has now moved for an extension of the scheduling order. (ECF No. 48.) In the motion, Plaintiff indicates that, while settlement negotiations

were productive and a business resolution appeared likely, Defendant unilaterally terminated those discussions on July 22, 2026. Plaintiff further indicates that neither party had been actively working on the litigation in the interim. Needing discovery to now litigate its claims, Plaintiff requests a two-month extension of the discovery and dispositive motion deadlines. Defendant opposes Plaintiff's request, pointing out the Court's no-further-extensions warning and contending that Plaintiff was not diligent in pursuing discovery despite this warning.

A court may modify a scheduling order, including extending or reopening, discovery, when good cause for doing so is established. Fed. R. Civ. P. 16(b)(4). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1). Courts have "broad discretion to manage [their] docket." *ACLU v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). Plaintiff establishes good cause.

A settlement of the matter certainly was not promised. Nevertheless, the parties' eight joint requests to extend the scheduling order deadlines and two additional joint requests to extend the deadlines to list lay and expert witnesses clearly suggest that they believed a resolution was imminent. They further reflect the parties' shared belief that engaging in discovery while settlement negotiations were ongoing was inefficient and an unwise use of resources. While Defendant

may not have strategically waited to terminate the settlement negotiations until the discovery deadline was on the horizon, having done so, Defendant cannot in good faith resist Plaintiff's request to extend the deadline to secure the evidence it needs to prove its case.

Despite the Court's previous warning, it finds good cause to now extend the discovery and dispositive deadlines. Plaintiff's motion (ECF No. 48) is, therefore, **GRANTED**. The scheduling order is amended to set a discovery deadline of November 23, 2026, and a dispositive motion deadline of December 28, 2026.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 15, 2026